UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

MIKE PATEL,

    Defendants.

No. 2:14-cv-2052 KJM DB

ORDER

On April 4, 2018, the court sanctioned defense counsel Michael D. Welch in the amount of $250, payable to the Clerk of the Court within fourteen days (14) days of this order. ECF No. 54. As of this order's date, Mr. Welch has not submitted this payment, which the court had ordered because Mr. Welch failed to respond at all to an order to show cause why he should not be sanctioned for failing to comply with an earlier order. *See* ECF No. 52.

The court had ordered Mr. Welch to show cause because he did not submit any required filing for the court's Status Conference scheduled for February 15, 2018. *See* ECF Nos. 49-50, 52 at 1. Plaintiff's counsel represented in their filing for that scheduled status conference that they sent the report at ECF No. 50 "to opposing counsel," but it "was not returned." ECF No. 50 at 1.

This is not the court's first order to show cause for Mr. Welch in this case. *See e.g.,* ECF No. 44 (order to show cause for failure to respond to court order instructing filing of a

1

supplemental brief). In fact, Mr. Welch was sanctioned in the amount of $250 for failing to respond to an order to show cause. ECF No. 45. Mr. Welch did not comply with that sanction within the stated deadline, resulting in an order to show cause within seven days why the court should not suspend his privilege to practice in the Eastern District of California until Mr. Welch submitted payment. ECF No. 47. Only then did Mr. Welch pay the sanction, 16 days later. The court then discharged the order to show cause threating suspension of privilege to practice in this district.

"Within the federal system, each district court is authorized to govern and discipline its own bar." *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1198 (9th Cir. 1999). The Ninth Circuit has upheld suspension from the practice of law as part of "[a] federal court's inherent power to sanction attorneys practicing before it" where the district court afforded due process to the attorney before suspension and made a finding of bad faith. *Peabody v. Maud Van Cortland Hill Schroll Trust*, 892 F.2d 772, 777 (9th Cir.1989). Consistent with due process, a court must afford the attorney "adequate notice and an opportunity to respond" to "the types of sanctions that it [is] contemplating." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1113-14 (9th Cir. 2005) (affirming monetary sanctions, a contempt citation and revocation of *pro hac vice* status because the attorneys "had notice that these sanctions could be imposed" but reversing a lifetime *pro hac vice* ban because the district court "never notified the parties it was considering a lifetime ban"). "However, an opportunity to be heard does not require an oral or evidentiary hearing on the issue." *Pac. Harbor Capital, Inc., v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). "The opportunity to brief the issue fully satisfies due process requirements." *Id.*

Here, Eastern District of California Local Rule 110 states, "Failure of counsel . . . to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Mr. Welch's pattern of conduct is sufficient for the court to find bad faith. *See, e.g.*, *Sanchez v. Rodriguez*, 298 F.R.D. 460, 464 (C.D. Cal. 2014) (finding bad faith sufficient to impose sanctions on a party where party exhibited "complete noncompliance (and for some time now, unresponsiveness)"); *see also Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993)

2

(stating "'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault" in the sanctions context) (citation omitted); *McElroy v. City of Corvallis*, 388 F. App'x 702, 703 (9th Cir. 2010) ("The district court did not abuse its discretion by dismissing the action after finding that [plaintiff's] failure to comply with its discovery orders indicated willfulness and bad faith and after properly considering [other factors related to Federal Rule of Civil Procedure 37].").

The court still must afford Mr. Welch notice of its contemplated sanctions and an opportunity to respond. Accordingly, the court hereby ORDERS Michael D. Welch to SHOW CAUSE within seven (7) days why his privilege to practice in the Eastern District of California should not be suspended until Mr. Welch pays the $250 the court has ordered Mr. Welch to pay for failing to respond to this court's previous order to show cause why he failed to comply with a previous order. *See* ECF Nos. 52, 54.

IT IS SO ORDERED.

DATED: August 10, 2018.

UNITED STATES DISTRICT JUDGE