1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SCOTT JOHNSON,                          No. 2:14-cv-02052-KJM-DB

12                    Plaintiff,

13        v.                                 ORDER

14   MIKE PATEL,

15                    Defendant.

16

17

18              Attorney Michael Welch, of the law firm Michael Welch + Associates, moves to

19   withdraw as counsel of record for defendant Mike Patel.  Mot., ECF No. 69-1.  The motion is

20   unopposed.  ECF No. 70.  On May 1, 2019, the court submitted the motion without oral argument

21   based on Local Rule 230(g).  ECF No. 71.  For the following reasons, the court GRANTS the

22   motion to withdraw and refers this matter to the assigned magistrate judge for further

23   proceedings.

24   I.        LEGAL STANDARD

25              If withdrawal would leave a client *in propria persona*, Local Rule 182(d) requires

26   the withdrawing party to seek leave of court, file a formal motion and provide notice of the

27   withdrawal to the client and all other parties who have appeared.  The attorney must also provide

28   an affidavit stating the current or last known address or addresses of the client and the efforts

made to notify the client of the motion to withdraw. *Id.* Withdrawal must also comply with the Rules of Professional Conduct of the State Bar of California. *Id.* Rule of Professional Conduct 3–700(A)(2) requires an attorney to "take[] reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3–700(D), and complying with applicable laws and rules." The Rules permit withdrawal if, as relevant here, the client's "conduct renders it unreasonably difficult for the member to carry out the employment effectively." *Id.* 3–700(C)(1)(d).

Whether to grant a motion to withdraw is within the court's discretion. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when evaluating a motion to withdraw, including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay. *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010) (citation omitted).

II.    <u>DISCUSSION</u>

Here, Mr. Welch has established good cause for withdrawal and has complied with the applicable local rules and rules of professional conduct. Mr. Welch seeks to withdraw because of "repeated efforts to contact [his] client with no success[,] include[ing] repeated e-mails which have gone unanswered, telephone calls and visits." Mot. at 1. Moreover, after reaching a tentative settlement, Mr. Welch "received no response" from his client, "despite repeated attempts." *Id.* In addition to these representations, Mr. Welch appeared[1] before the court on March 22, 2019, to address the outstanding order to show cause, ECF No. 60, and plaintiff's motion to strike, ECF No. 63. At the hearing, Mr. Welch advised the court of the nature of his relationship with his client, the breakdown in their communication and their inability to effectively maintain the attorney-client relationship moving forward. Taken together, these

/////

---

[1] Defendant was not present at the March 22, 2019, hearing. *See* ECF No. 68.

2

1    representations form a valid basis for withdrawal under California Rule of Professional Conduct
2    3-700(C)(1)(d).

3            The court is also satisfied that counsel's withdrawal complies with California Rule
4    of Professional Conduct 3–700(A)(2), which requires that the withdrawing attorney "take[]
5    reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." As stated,
6    Mr. Welch has made repeated attempts to contact the defendant over the past year, has "lost all
7    contact with his client," and "can no longer continue representation of him in this matter." Not.
8    of Mot., ECF No. 69, at 1; Mot. at 1. Mr. Welch has also served the defendant with a copy of this
9    motion and all supporting documents at the defendant's last known address and has filed a
10   certificate of service to that effect. Mot. at 1–2. With no indication that defendant has attempted
11   to reciprocate communication with Mr. Welch, and with no opposition by plaintiff, the court finds
12   no reason to doubt Mr. Welch has made all reasonable efforts to keep the defendant apprised of
13   progress of this case. The court also finds these actions satisfy Local Rule 182(d). Accordingly,
14   counsel's motion to withdraw is GRANTED.

15           Because Mr. Welch has complied with the court's directives regarding curing the
16   deficiencies in his initial motion to withdraw, as discussed at the March 22, 2019 hearing, *see*
17   ECF No. 68, the court DISCHARGES the February 5, 2019 order to show cause, ECF No. 60,
18   and DENIES plaintiff's motion to strike, ECF No. 63, as MOOT. Granting counsel's motion
19   renders the defendant *pro se*; as such, this matter shall proceed before the assigned magistrate
20   judge as provided by Local Rule 302(c)(21).

21   III.    <u>CONCLUSION</u>

22           The court GRANTS the motion to withdraw, ECF Nos. 69. Counsel Michael
23   Welch is ORDERED to serve defendant Mike Patel with a copy of this order and file proof of
24   service with the court within seven (7) days. Mr. Welch must comply with all obligations under
25   California Rules of Professional Conduct Rule 3-700(D) regarding release of a client's papers and
26   property and return of unearned fees. The February 5, 2019 order to show cause, ECF No. 60, is
27   DISCHARGED. Plaintiff's motion to strike, ECF No. 63, is DENIED as MOOT.
28   /////

Defendant Mike Patel is now proceeding *pro se*. The Clerk of the Court shall reflect this on the court's docket and update defendant's address as provided in counsel's motion to withdraw. The case is referred to the assigned magistrate judge for future proceedings under Local Rule 302(c)(21).

IT IS SO ORDERED.

DATED: June 12, 2019.

_____
UNITED STATES DISTRICT JUDGE