UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Scott Johnson, | No. 2:14-cv-02052-KJM-DB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Mike Patel, | |
| Defendant. | |

Defendant seeks to stay these proceedings based on his need to work multiple jobs due to financial struggles stemming from the COVID-19 pandemic. Mot., ECF No. 1. Plaintiff did not file opposition. The court **denies the motion to stay.**

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a stay the court must consider "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Id*. at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* "[T]he suppliant for a stay must make out a

clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

The court understands the financial hardships the pandemic has placed on the defendant. However, the briefing does not show clearly how the defendant will suffer hardship or inequity if the matter goes forward, particularly now that the pandemic has begun to subside.

The court sets a **status conference regarding trial setting for September 2, 2021 at 2:30 PM.**

This order resolves ECF No. 100.

IT IS SO ORDERED.

DATED: July 15, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE